• PeR Cukiam.
The paper is not evidence. The recording gives no authenticity to a paper, which the law does not require to be recorded, and nothing but a deed under seal is entitled to be recorded ; here is no seal.
Mr. C. Simms, for the defendant,
contended that the sale, if any, was while the goods were in the custody of the law, under a distress for rent,
Mr. Sioann, for the plaintiff.
A general property, without actual possession, will support trover. 5 Bac. Ab. 258, 280; Ward v. McCauley, 4 T. R. 484.
Mr. Simms. But the plaintiffs have not proved a general property. A bargain while the goods were in custody of the law, under the distress, could give no property, because they were bound by the distress. 2 Bl. Com. 447.
The Court (nem. con.) said there was not sufficient evidence of due diligence on the part of the plaintiff to find the witness, and get his testimony.
The CourT (nem. con.) instructed the jury, that if they should be satisfied by the evidence, that Withers agreed to sell and transfer the goods in the declaration mentioned to the plaintiffs, upon consideration that the plaintiffs would, at his request, become security for him in a replevy-bond to replevy the said goods, which were then held by a distress for rent, and in further consideration, that they would place the overplus of such goods, after satisfying the replevy-bond, to the credit of the said Withers in their private account against him, and further, that the plaintiffs did become his security accordingly, and are ready to place the said overplus to his credit, as aforesaid, as soon as such overplus can be ascertained ; ■ — the plaintiffs, upon becoming security, as aforesaid, had such a general property in the said goods as will enable them to maintain this action of trover, although the plaintiffs never have had the actual possession in fact of the said goods.
• The jury found a verdict for the defendant. The plaintiffs took-a bill of exceptions, and a writ of error; but the judgment was affirmed by the Supreme Court of the United States. 5 Cranch, 13.